*In re* ESTATE OF WILLIAM ONDREICKA, Deceased.—(THE NORTHERN TRUST COMPANY, Trustee under the Last Will and Testament of William Ondreicka, Petitioner-Appellee, *v.* RUDOLPH BOSKO *et al.*, Respondents— (DR. GEZE ONDREICKA *et al.*, Respondents-Appellants).)

First District (3rd Division)   No. 78-92

Opinion filed November 8, 1978.

Drake Leoris and William M. Lederer, both of Chicago (Leoris, Cohen & Erde, of counsel), for appellants.

Bernard McDevitt, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This action was brought by petitioner, the Northern Trust Company, as trustee under the last will and testament of William Ondreicka (hereafter referred to as the "testator"), to construe a certain provision in the will. After a trial without a jury, the trial court construed the provision in a manner which benefited Rudolph Bosko, the testator's nephew and one of the beneficiaries in the will. Several respondents, also beneficiaries, appeal the trial court's order.

The testator died on September 1, 1973; his will was admitted to probate on October 15, 1973. By his will, the testator directed that, if his wife survived him, his assets should be divided into two trusts, referred to as Trust A and Trust B, with one proviso. The proviso was that "any interest in the property located at 1846 North Milwaukee Avenue, Chicago, Illinois, shall be allocated to Trust B hereinafter created and shall be used to satisfy this bequest only to the extent that other assets are insufficient * * *." The crucial issue in the trial court and on appeal is the testator's use of the phrase "1846 North Milwaukee Avenue." The trial court held that by its use, the testator intended a devise of all the property owned by him located at 1830 through 1848 North Milwaukee Avenue inclusive.

The will provided that Trust A was for the benefit of the testator's wife who had the right to all income from the trust and the right to invade the principal and who was given a power of appointment. Upon the death of the testator's wife, the will provided that all property remaining in Trust A should be added to Trust B and distributed as directed by the testator. The testator's wife died shortly after the testator and never exercised her power of appointment under Trust A.

The provisions of Trust B directed the trustee to pay the income therefrom to the testator's wife during her lifetime except that any net income in excess of $500 per month derived from any interest in the property located at 1846 North Milwaukee Avenue was to be paid to Rudolph Bosko. Trust B was distributable upon the death of the testator's wife. The scheme of distribution first allocated any interest in the 1846 North Milwaukee Avenue property to Rudolph Bosko. The balance was distributable in various percentage interests to several designated beneficiaries.

At the time of his death, the testator owned a 100% beneficial interest in a land trust. The trust held title to property commonly known as 1830-48 North Milwaukee Avenue. This property consists of vacant lots from numbers 1830 to 1840, a garage warehouse building at 1842-44, and a three-story building at 1846-48. Stores occupy the ground floor of the 1846-48 address; apartments are on the second and third floors. There is a

common front entrance to the second and third floor apartments used by both the 1846 and 1848 addresses.

The testator also owned all the stock of the Comet Builders & Supply Corporation which had its offices on the ground floor at the 1846 address. The 1848 address was used by Comet as a store for fixtures and materials. The warehouse at 1842-44 was connected to 1846-48 by a common wall and was constructed by Comet for the storage of its materials. The vacant lots from 1830 to 1840 originally were used to store materials by Comet. After it began storing materials at various jobsites, Comet leased out parking spaces in the lots. The testator maintained two bank accounts: one for Comet and another personal account referred to as the 1846 Milwaukee Avenue Building Account. Rental income from Comet, from the apartment units, and from the parking lots were all deposited in the 1846 account.

Rudolph Bosko is vice-president and general construction super-intendent of Comet, and has been employed by Comet since 1957. He testified that Comet customarily used 1846 North Milwaukee Avenue as its business and mailing address.

The trial court found a latent ambiguity in the use of the phrase "1846 North Milwaukee Avenue." The court held, therefore, that extrinsic evidence was admissible in order to determine the testator's intent in devising this property to Bosko. In reference to the 1846-48 building, the court considered it unreasonable to assume that by referring to 1846 North Milwaukee Avenue in his will the testator intended to devise only one-half of the building at that address to Bosko. Consequently, the court held that the phrase necessarily encompassed the entire three-story building. The court further found that, in light of Bosko's long association with Comet, the testator intended that the devise of "1846 North Milwaukee Avenue" include not only the three-story building, but also the other lots from 1830 through 1848.

Respondents contend that the trial court's ruling is contrary to the manifest weight of the evidence. They admit an ambiguity is present in the will, but maintain that the ambiguity only extends to the building located at 1846-48. Once it is ascertained that the reference to the 1846 address necessarily included 1848, respondents argue that the ambiguity is resolved. They urge, therefore, that the court's interpretation of "1846" to include the adjoining lots from 1830 through 1844 is an unwarranted extension of the devise in the will.

Petitioner counters that Bosko's long-term business association with the testator coupled with the positions of responsibility he held within the corporation, support an inference that the testator intended Bosko to continue the business after his death. Petitioner urges that, in light of this intention, the logical interpretation of "1846 North Milwaukee Avenue"

should include not only the three-story building, but also the adjacent lots which were, at various times, all used by Comet in connection with its business. Moreover, petitioner points out that all rental income from the property located at 1830 through 1848 was, during the testator's lifetime, deposited in an account referred to as the 1846 North Milwaukee Building Account.

■■ ■ We believe the trial court properly rejected the restrictive interpretation of the devise in the testator's will urged by respondents. The undisputed latent ambiguity in the will justified the receipt of extrinsic evidence relative to the testator's intent. (*Krog v. Hafka* (1952), 413 Ill. 290, 109 N.E.2d 213; *In re Estate of Tomlinson* (1975), 30 Ill. App. 3d 502, 333 N.E.2d 663; *rev'd on other grounds* (1976), 65 Ill. 2d 382, 359 N.E.2d 109.) The extrinsic evidence adduced at trial revealed that Bosko had for many years worked for Comet, a corporation wholly owned by the testator, and that he was an officer of that corporation. It is reasonable to assume that by the devise of the property at 1846 to his nephew, the testator intended Bosko to continue the operation of the business. The evidence further indicated that Comet used not only the 1846-48 building, but also the adjoining warehouse and, formerly, had used the vacant lots. During his lifetime, the testator deposited all the rental income from these properties in one account and, in effect, treated 1830 through 1848 as one parcel having the business and mailing address of 1846 North Milwaukee Avenue. The evidence justified the court's finding that by devising the property located at the 1846 address, the testator intended to include 1830 through 1848 North Milwaukee Avenue. It would be unreasonable to assume that if the testator intended Bosko to continue Comet's operation, he would have excluded from the bequest certain adjacent parcels used by the corporation. Since the testator during his lifetime treated the lots from 1830 through 1848 as one parcel having the common address of 1846, the trial court properly found that the testator intended a devise of all the property owned by him located at 1830 through 1848 North Milwaukee Avenue, inclusive.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

JIGANTI, P. J., and SIMON, J., concur.